NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ENRIQUE MATOS-HERRERA,

Defendant-Appellant.

No. 17-30056

D.C. No.
1:15-cr-00274-EJL-3

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted March 9, 2018
Seattle, Washington

Before: RAWLINSON, CLIFTON, Circuit Judges, and FREUDENTHAL,** Chief
District Judge

Defendant Enrique Matos-Herrera ("Matos") appeals his convictions for

conspiracy to commit wire fraud, wire fraud, and aggravated identity theft. On

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Nancy D. Freudenthal, Chief United States District
Judge for the District of Wyoming, sitting by designation.

1

appeal, Matos challenges the sufficiency of the evidence to support the convictions. Matos also claims the district court erred in admitting other act evidence concerning prior fraudulent trips under 404(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review challenges to the sufficiency of the evidence de novo. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted).

Sufficient evidence supports Matos's conviction of conspiracy to commit wire fraud. *See Sullivan*, 522 F.3d at 976. Matos traveled from Texas to Idaho with five other people. Once in Idaho, Matos visited several different Walmart stores with the other defendants in a vehicle containing a laptop computer, credit card encoder, and several credit cards and gift cards. Video evidence and receipts showed Matos purchase gift cards and other items with stolen account numbers. Co-conspirators testified that Matos used the card encoder to encode credit cards with stolen account information and that Matos hid the encoder in the air vent when they went from store-to-store. The evidence showed Matos's understanding of the purpose of the conspiracy and voluntary actions in furthering the goals of the

2

conspiracy. The direct and circumstantial evidence in this case supports Matos's conviction for conspiracy to commit wire fraud.

The same evidence supports Matos's convictions for wire fraud. *See United States v. Green*, 592 F.3d 1057, 1064 (9th Cir.2010). Matos used the card encoder to put stolen account numbers onto credit cards. He then used those cards to purchase gift cards at several different Walmart stores.

The evidence was also sufficient to support Matos's convictions for aggravated identity theft. *See United States v. Nevils*, 598 F.3d 1158, 1163–65 (9th Cir.2010) (en banc). The government provided co-conspirator testimony that Matos used the card encoder and that when encoding a blank card, you could see the account numbers and names on the laptop. Surveillance videos and receipts showed Matos authorizing the purchases with fake signatures. This evidence was sufficient for the jury to find Matos knew the credit cards contained stolen account numbers and that the account numbers belonged to an actual person.

Finally, the district court did not err in allowing 404(b) evidence of prior trips to engage in the same fraudulent scheme. The evidence was admissible to show motive, intent, or plan, and was not substantially more prejudicial than probative. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013).

**AFFIRMED.**